NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2578
_____

UNITED STATES OF AMERICA

v.

ADAM KAMOR,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-19-cr-00054-001)
District Judge: Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 6, 2020

Before: SHWARTZ, SCIRICA, and COWEN, *Circuit Judges*

(Filed: April 28, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

In this appeal, Adam Kamor challenges his sentence for one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one count of income tax evasion, in violation of 26 U.S.C. § 7201. Kamor contends the trial court's upward variance of 13 months, resulting in an 84-month sentence, was unreasonable. For the reasons discussed below, we find the sentence imposed was not unreasonable and will affirm.

Kamor contends the trial court committed three errors by (1) failing to state on the record a "thorough" assessment of the 18 U.S.C. § 3553(a) factors; (2) failing to give proper weight to mitigating factors; and (3) "double-counting" certain facts and factors that were already considered in the sentence suggested by the Probation Office's presentence investigation report (the "PSR"). Appellant's Br. 8, 9–10.[1]

"We review sentences for both procedural and substantive reasonableness." *United States v. Douglas*, 885 F.3d 145, 150 (3d Cir. 2018) (citing *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)).[2] The first two of Kamor's contentions require us to review the procedural reasonableness of the sentence imposed. When reviewing for procedural reasonableness, we "ensure that the district court committed no significant

---

[1] We possess jurisdiction to review Kamor's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The trial court possessed jurisdiction under 18 U.S.C. § 3231.

[2] Kamor states the trial court's sentence was "substantively unreasonable," but the arguments contained in his brief suggest he also challenges the procedural reasonableness of his sentence. Appellant's Br. 9. Accordingly, we will examine the sentence for both procedural and substantive reasonableness on the grounds contended by Kamor.

procedural error," like "failing to adequately explain the chosen sentence" or "failing to consider the § 3553(a) factors." *Id.* (quoting *Tomko*, 562 F.3d at 567). For issues of procedural reasonableness, because Kamor lodged no objection in the trial court, we review for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) ("[I]n a criminal prosecution, unless a relevant objection has been made earlier, a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review.").

In discussing the § 3553(a) factors, a trial court must give "meaningful consideration" to the "particular circumstances of the case." *United States v. Thornhill*, 759 F.3d 299, 311 (3d Cir. 2014) (quoting *Tomko*, 562 F.3d at 567). Meaningful consideration, however, does not require the kind of analysis Kamor contends. Instead, we have held "[a] sentencing court does not have to 'discuss and make findings as to each of the § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing.'" *Tomko*, 562 F.3d at 568 (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)); *see also Thornhill*, 759 F.3d at 311 ("This does not mean that the sentencing court is required to 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'") (quoting *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007))).

The record makes clear the trial court took the § 3553(a) factors into account. It stated that its sentence:

> reflects full consideration of all these factors including the nature and seriousness of the offense, and history and characteristics of the defendant and the kinds of sentences available and advisory sentencing range policies

3

prescribed by our sentencing commission, and I believe that the sentence I impose is reasonable in light of all these circumstances.

Joint App'x 21 **(J.A. 21:5–11)**. The trial court explicitly discussed on the record the nature and circumstances of the offense, including Kamor's gambling and alcohol addictions, the severity of the offense, its effect on the community, and the need for restitution, among other things. **J.A. 20–25 (J.A. 20:21–25:20)**. We conclude there was no plain error in the trial court's analysis of the § 3553(a) factors.

Kamor also contends the trial court did not give due weight to "Kamor's otherwise law-abiding background and character, his mental health issues, out of control home life, addictions, and recommendation by the United States Attorney's Office." Appellant's Br. 9. But "a district court's failure to give mitigating factors the weight a defendant contends they deserve" does not render "the sentence unreasonable." *Bungar*, 478 F.3d at 546; *see also United States v. Young*, 634 F.3d 233, 243 (3d Cir. 2011) ("The District Court's decision to accord less weight to mitigation factors than that urged by [the defendant] does not render the sentence unreasonable." (citing *Bungar*, 478 F.3d at 546)). There is no plain error. Kamor's sentence was procedurally reasonable.

We next consider the substantive reasonableness of Kamor's sentence. *Douglas*, 885 F.3d at 150. A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on th[e] particular defendant for the reasons the district court provided." *Id.* (quoting *Tomko*, 562 F.3d 568) (alteration in original). For issues of substantive reasonableness, we review under "the familiar abuse-of-discretion standard of review." *Gall v. United States*, 552 U.S. 38, 46 (2007) (citing

*United States v. Booker*, 543 U.S. 220 (2005)).

Kamor contends the trial court "entered an upward variance for identical factors that were already considered by probation" in calculating a proposed sentence for Kamor. Appellant's Br. 10. In other words, Kamor contends a trial court may not rely on and give different weight to the factors considered by the probation office in imposing a sentence. Kamor is incorrect. *See United States v. King*, 604 F.3d 125, 145 n.12 (3d Cir. 2010) ("[The defendant] argues that the District Court improperly counted the severity of the crime, his failure to accept responsibility and his obstruction when deciding both departures and reasonableness under § 3553(a). Such double counting is allowed, however." (citing *Tomko,* 562 F.3d at 583)); *United States v. Greenidge*, 495 F.3d 85, 103 (3d Cir. 2007) (emphasizing "that a sentencing court is not prohibited from considering the factual basis underlying a defendant's sentence enhancements, and indeed, *should* consider those facts in order to tailor the sentence to the defendant's individual circumstances").

We conclude it is not unreasonable to consider the facts of a case and the § 3553(a) factors and impose a different sentence than that suggested by the parties or the PSR. Based on the facts of this case and reasons provided by the district court, this is not a sentence that no reasonable sentencing court would have imposed. This sentence is not substantively unreasonable.

Accordingly, we will affirm the sentence imposed by the trial court.